IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| MARK LYLE BELL, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:25-CV-10-RWS-JBB |
| v. | § § | |
| LEE ANN YATES, *et al.*, | § § | |
| Defendants. | § § § | |

## ORDER

*Pro se* Plaintiff Mark Bell filed this case complaining that Defendants deprived him of his constitutional rights. The case was referred to the United States Magistrate Judge in accordance with 28 U.S.C. § 636. Plaintiff alleges Defendants deprived him of a substantial amount of personal property, including some 38,000 photographs. He has filed a motion for replevin (Docket No. 3) and a motion for a temporary restraining order or preliminary injunction (Docket No. 4), both seeking the return of his property.

## THE REPORT OF THE MAGISTRATE JUDGE

After review, the Magistrate Judge issued a Report, recommending that the motion for injunctive relief be denied. The Magistrate Judge stated that a movant for temporary injunctive relief must demonstrate (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the non-movant; and (4) the granting of the injunction will not disserve the public interest. Docket No. 11 at 2 (citing *Libertarian Party of Texas v. Fainter*, 741 F.2d 728, 729 (5th Cir. 1984)). The Magistrate Judge observed that the movant "clearly carries the onerous burden of persuasion" as to all of these

elements, conclusory allegations are not sufficient to show entitlement to injunctive relief, and that the injury in question must be imminent and cannot be speculative. Docket No. 11 at 2–3 (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (5th Cir. 1983)).

In applying these standards, the Magistrate Judge determined that Plaintiff failed to show a substantial likelihood of prevailing on the merits of his claims. Docket No. 11 at 3. The Magistrate Judge observed that, according to Plaintiff, some 35,000 of the photographs were taken in November 2021, raising the possibility that at least some of his claims may be barred by the statute of limitations. *Id.* The Magistrate Judge also stated that Plaintiff does not have a constitutional right to possess voluminous quantities of property in the space-limited environment of a prison. *Id.*

The Magistrate Judge next stated that Plaintiff has not shown a danger of irreparable injury. The documents Plaintiff attached to his motions show that the Texas Department of Criminal Justice ("TDCJ") policy about which he complains requires photographs to be stored electronically on tablets, and the Magistrate Judge determined that the fact that a family photograph must be stored electronically rather than as a physical copy does not amount to irreparable harm. *Id.* at 3–4. In addition, the relevant hardships which Defendants would face include having to contend with prisoners' property in the space-limited environment of a prison or the possible dangers if the Defendants could not confiscate sexually explicit material. *Id.* at 4.

Finally, the Magistrate Judge stated that Plaintiff failed to show that his requested injunction would not disserve the public interest because he did not show the type of extraordinary circumstances required to justify federal interference with the day-to-day operations of the state prison. *Id.* This is especially because the Court must give "substantial weight" to any adverse impact on the operation of TDCJ-CID and must respect the principles of comity regarding state law. Docket No. 11 at 4. The Magistrate Judge thus recommended that Plaintiff's motion for injunctive

relief be denied and that his motion for replevin be denied as premature. *Id.* Nonetheless, Magistrate Judge specified that Plaintiff's pleaded request for the return of his property remains active. *Id.*

## PLAINTIFF'S OBJECTIONS

In his objections, Plaintiff stated that he sent photos for duplication while he was assigned to the Beto Unit, but then he was transferred to the Hughes Unit in November 2020. Docket No. 13 at 1. He was then sent to the Telford Unit in April 2021. *Id.* When his property was seized in November 2021, he says this was done because it was "[a]ltered," apparently referring to the fact that the photo albums had tape on them. *Id.* at 2 (emphasis in original).

Plaintiff says that he is a single cell occupant, so he has access to all the space within the cell and has ample room to store his property. *Id.* He argues that the confiscation of his property violates the Due Process Clause and the Takings Clause and says that the replevin is to assure that the Defendants still have his property in their possession and an injunction will ensure that what he terms this act of suppression by government agents will cease. *Id.*

Plaintiff says that the inmates were told that correspondence or photos coming from family and friends would be sent to a digital processing center, but that items coming from businesses or vendors would come to the inmate. *Id.* at 3–4. He asks how property can be sent out to deceased family members and says that he had photos of deceased family members. Docket No. 13 at 3. Plaintiff states that if family or friends send photographs to photo companies and place them in book form, this is allowed. *Id.* He states that he had over 30 brown lunch bags, each of which held over 1,000 photographs. *Id.*

According to Plaintiff, the Magistrate Judge did not understand that all mail is inspected by mailroom personnel to be sure that it is not sexually explicit. *Id.* at 4. He says that the term "sexually explicit" should be meant as the Supreme Court has described it and not by the

misinterpretations of female employees who have created their own definition of what is "sexually explicit." *Id.* He says that there is no contention that his property was contraband or that his possession of it was inconsistent with prison regulations, and he argues that publications cannot be rejected solely because their contents are religious, philosophical, social, or sexual, or because their content is unpopular or repugnant. Docket No. 13 at 4.

Plaintiff argues that the company that provides the tablets, Securus, has filed for bankruptcy and the tablets have not functioned since August 21, 2025. *Id.* at 5. He contends that he will suffer irreparable harm because photos are of deceased family members. *Id.* at 6. Further, he claims that the statute of limitations did not begin running until he received the final response from his exhausting the grievance procedure, bringing him within the limitations period. *Id.* He says that he went through multiple shakedowns and searches without reprimands about his property and again argues that the Defendants are effectively banning inmates from possessing family photos. *Id.*

## ANALYSIS

The Magistrate Judge correctly determined that Plaintiff failed to show a substantial likelihood of success on the merits of his claims. The fact that his property may have gone through prior searches or shakedowns did not give him a protected liberty interest in keeping such voluminous quantities of personal property. *See, e.g.*, *McIntosh v. Thompson*, No. 6:09-CV-444, 2010 WL 5677139 (E.D. Tex. March 22, 2010) (concluding that plaintiff "failed to show that the prison officials violated his rights under the Constitution" after "he inevitably ran afoul of the TDCJ regulations concerning storage space"), *report adopted at* 2011 WL 336469 (E.D. Tex. January 31, 2011); *Duplantis v. Carmona*, 85 F. App'x 397 at *1 (5th Cir. 2004) (quoting *Long v. Collins*, 913 F.2d 3, 4 (5th Cir. 1990)) (explaining that "it was 'highly dubious that a facially neutral prison storage space limitation' violated a prisoner's exercise of constitutional rights.").

The Magistrate Judge also correctly concluded that Plaintiff failed to justify federal interference in the day-to-day operations of a state prison. Under the Prison Litigation Reform Act, prospective relief in any civil action with respect to prison conditions may extend no further than necessary to correct the violation of the federal right of a particular plaintiff, and a prisoner may not obtain a preliminary injunction unless the court first finds such relief is narrowly drawn, extends no further than necessary to correct the harm the court finds requires preliminary relief, and is the least intrusive means necessary to correct the harm. The court shall give substantial weight to any adverse impact on public safety, or the operation of a criminal justice system caused by the relief and shall respect the principles of comity where state or local law is concerned. 18 U.S.C. § 3626; *see also Nelson v. Campbell*, 541 U.S. 637, 649 (2004). Plaintiff has not demonstrated that his requested relief fits these criteria. His objections are without merit.

## CONCLUSION

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After review, the Court concludes that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, it is

**ORDERED** that the Report of the Magistrate Judge (Docket No. 11) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for replevin (Docket No. 3) and motion for a temporary restraining order or preliminary injunction (Docket No. 4) are **DENIED**.

**So ORDERED and SIGNED this 22nd day of September, 2025.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE